**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARSHALL J.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-25-1104-J** |
| | ) | |
| **FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Marshall J.[1] (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge for submission of findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B), (C), and Federal Rule of Civil Procedure 72(b). Doc. 7.[2]

---

[1] The Court refers to Plaintiff by first name and last initial only to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, and presents several claims of error. Doc. 10, at 3-15. After careful review of the administrative record (AR), the parties' briefs, and the relevant authority, the undersigned recommends that the Court reverse the Commissioner's decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned finds that the ALJ's consideration of the medical opinions requires remand, *see* Doc. 10, at 12-14, and does not address Plaintiff's additional arguments.

**I. Administrative determination.**

**A. Disability standard.**

Plaintiff applied for disability benefits and protectively filed an application for Supplemental Security Income under the Social Security Act. AR 25; *see* 42 U.S.C. §§ 401, *et seq*., 1381, *et seq*.

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v.*

*Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

**B. Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

**C. Relevant findings.**

**1. ALJ's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 26-38; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since October 16, 2020, the alleged onset date;

(2) had the severe medically determinable impairments of degenerative disc disease of the lumbar spine, posttraumatic stress disorder, major depressive disorder, degenerative disc

disease of the cervical spine, and right upper extremity neuropathy;[3]

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[4] ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with certain restrictions: he can occasionally climb, balance, stoop, kneel, crouch, or crawl and cannot climb ropes, ladders, or scaffolds; he can frequently finger, feel, and handle; he is limited to simple work of a repetitive and routine nature with no contact with the general public; and he can have no concentrated exposure to temperature extremes, vibration, work hazards or pulmonary irritants;

(5) is unable to perform any past relevant work;

(6) was closely approaching advanced age on the date of alleged disability onset;

(7) there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; namely, collator operator, Dictionary of Occupational Titles (DICOT) 208.685-010; router, DICOT 222.587-038; and marker, DICOT 209.587-034;

(8) had not been under a disability since October 16, 2020.

AR 28-38.

---

[3] Plaintiff does not challenge the ALJ's assessments concerning his mental limitations. *Compare* Doc. 10 *with* Doc. 16, at 4 n.3. Accordingly, the Court limits its discussion of the administrative record to Plaintiff's physical limitations and restrictions.

[4] "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a); 416.945(a).

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 9-14, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Judicial review of the Commissioner's decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"). "[T]he threshold . . . is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v.*

*Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

### B. The ALJ did not address an inconsistency in the medical opinions or explain why he found the medical opinions persuasive but omitted a recommended restriction.

An ALJ considers prior administrative medical findings using five factors: supportability; consistency; relationship with the claimant;

specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors. *Id*. § 404.1520c(a).

> "Supportability" examines how closely a medical opinion tracks the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] ... the more persuasive the medical opinions ... will be." "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ... will be."

*Zhu v. Comm'r*, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021) (quoting 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2)).

The ALJ must articulate how persuasive he finds a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(b); 416.920c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2).

Here, the ALJ reviewed three medical opinions in the administrative record: two opinions by state agency medical consultants and a report by an

orthopedic medical expert.[5] AR 35-36. The state agency consultants "indicated the [Plaintiff] could perform less than the full range of light work" and recommended a manipulative limitation of "limited right" overhead reaching in light of Plaintiff's "hx. of cervical spinal problems[.]" AR 35, 76, 88, 100. By contrast, the orthopedic medical expert found that Plaintiff could "[c]ontinuously" reach overhead with his right hand. AR 1345.

The ALJ found that these opinions were persuasive and "supported by . . . objective signs and findings in the longitudinal medical evidence of record." AR 35-36. However, the ALJ did not impose any limitation regarding overhead reaching in the RFC or discuss the inconsistency in the conclusions concerning Plaintiff's ability to reach overhead. Instead, the ALJ "f[ound] no medically determinable or other reason why the [Plaintiff] cannot perform the full range of light work, subject to the exertional and nonexertional limitations previously cited." AR 35-36. Defendant argues that "the ALJ's RFC finding sufficiently refers to light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[.]"

---

[5] As Plaintiff points out, the ALJ found these same opinions "persuasive" concerning his mental RFC but also "not consistent with" and "not supported by" Plaintiff's medical record. *Compare* AR 35 *with* Doc. 10, at 13. Again, because Plaintiff does not challenge the ALJ's assessments concerning his mental limitations, the Court limits its discussion to the ALJ's assessment of Plaintiff's physical limitations and restrictions.

Doc. 16, at 11. But each of the occupations relied on by the ALJ at step five requires frequent reaching. *See* Collator Operator, DICOT 208.685-010, 1991 WL 671753 (Jan. 1, 2016); Router, DICOT 222.587-038, 1991 WL 672123 (Jan. 1, 2016); Marker, DICOT 209.587-034, 1991 WL 671802 (Jan. 1, 2016).

"[T]he ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). The record evidence on which an ALJ must rely includes a claimant's medical history, medical signs, laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, and effects of symptoms. SSR 96-8p, at *5. When the ALJ fails to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the Court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.

The RFC assessment must convey "what an individual can still do despite his or her limitations." SSR 96-8p, 1996 WL 374184, at *2. It is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or

her capacity to do work-related physical and mental activities." *Id.* This includes a discussion of the "nature and extent of" a claimant's physical limitations including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)." 20 C.F.R. §§ 404.1545(b), 416.945(b). Further, this assessment requires the ALJ to make findings on "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" and to "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, 1996 WL 374184, at *1, 7.

Without further explanation from the ALJ, his omission of the state-agency physicians' overhead-reaching limitation from the RFC was flawed. The Court should remand so the ALJ can explain the inconsistency, after finding each opinion persuasive. *See*, *e.g.*, *Winfrey v. Chater*, 92 F.3d 1017, 1023-24 (10th Cir. 1996) (concluding the ALJ erred when he found limitations were warranted but did not include those limitations in the RFC as the RFC "did not accurately reflect" the plaintiff's limitations"); *Logsdon v. Saul*, No. CIV-20-82-SM, 2020 WL 4757081, at *3 (W.D. Okla. Aug. 17, 2020) (reversing and remanding when the ALJ found limitations were warranted but failed to

include them in the RFC or explain the inconsistency); *Davis v. Saul*, No. CIV-19-198-STE, 2019 WL 5213972, at *2 (W.D. Okla. Oct. 16, 2019) (same).

**III. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court reverse and remand the Commissioner's decision for further administrative proceedings.

The undersigned advises the parties of their right to file an objection to this report and recommendation with the Clerk of this Court on or before August 18, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE